91 A.3d 701

**In re Nomination Petition of Robert GUZZARDI for the Republican Nomination for Governor of Pennsylvania in the Republican Primary of May 20, 2014.**

**Appeal of Richard W. Stewart, Robert K. Robinson, Richard Tems and Donna M. Cosmello.**

Supreme Court of Pennsylvania.

Submitted April 21, 2014.

Decided May 1, 2014.

Kathleen Marie Kotula, Esq., PA Department of State, for Bureau of Elections.

William J. Leonard, Esq., Richard P. Limburg, Esq., Lawrence J. Tabas, Esq., Obermayer Rebmann Maxwell & Hippel, L.L.P., Philadelphia, for Richard W. Stewart, Robert K. Robinson, Richard Tems and Donna M. Cosmello.

Gretchen Deborah Sterns, Esq., Law Office of Gretchen Coles Sterns, L.L.C., Pottsville, for Robert Guzzardi.

## *ORDER*

PER CURIAM.

**AND NOW,** this 1st day of May, 2014, the Order of the Commonwealth Court is **REVERSED.** The Commonwealth Court erred in applying *nunc pro tunc* constructs to excuse what it perceived to be a non-negligent failure to timely file a statement of financial interests with the Ethics Commission, as required by Section 1104(b)(1) of the Ethics Act. See 65 Pa.C.S. § 1104(b)(1). The untimely filing of the statement constitutes a fatal defect that precludes a candidate's appearance on the ballot. See 65 Pa.C.S. § 1104(b)(3) ("Failure to file the statement in accordance with the provisions of this chapter shall, in addition to any other penalties provided, be a fatal defect to a petition to appear on the ballot."); *In re Nomination of Paulmier,* 594 Pa. 433, 937 A.2d 364, 371 (2007) ("[W]e now hold that the fatality rule announced in Section 1104 of the Ethics Act was intended by the Legislature to bar only those candidates from the ballot who fail to file statements of financial interests *or who file them in an untimely manner.*") (emphasis added).

It is further **ORDERED** that Robert Guzzardi's name is to be **STRICKEN** from the primary ballot for the Republican Party nomination for the Office of Governor of Pennsylvania.

Opinions to follow.

Justice BAER files a Dissenting Statement in which Justice TODD joins.

Justice BAER, dissenting.

I dissent from the Court's *per curiam* order striking Robert Guzzardi from the primary ballot for the Republican Party nomination for the Office of Governor. Citing *In re Nomination of Paulmier*, 594 Pa. 433, 937 A.2d 364 (2007), the Court concludes that the Commonwealth Court erred by applying *nunc pro tunc* principles to Guzzardi's late filing of his statement of financial interests with the Ethics Commission. Unlike the instant case, however, this Court's decision in *Paulmier* did not involve a request for nunc pro tunc relief. Moreover, the Commonwealth Court has invoked equity to afford relief from otherwise fatal defects in a nomination petition where the candidate demonstrated a non-negligent reason for a late filing. *See In re Howells*, 20 A.3d 617 (Pa.Cmwlth.), aff'd *per curiam*, 611 Pa. 559, 28 A.3d 915 (2011). I would reach the same conclusion here because the Commonwealth Court conducted an evidentiary hearing and made findings of fact, which are supported by the record, establishing that Guzzardi was ready, willing, and able to file his statement of financial interests with the Ethics Commission, and only failed to do so because a Department of State employee told him that such filing was unnecessary.

Additionally, I disagree with the observation in the Court's *per curiam* order that "the Commonwealth Court erred in applying *nunc pro tunc* constructs to excuse what it perceived to be a non-negligent failure...." Op. at 337, 91 A.3d at 701. Respectfully, I do not view this case as involving a perception of non-negligent failure; rather, this case involves specific factual findings supported by evidence of record. I agree with the Commonwealth Court that what occurred here was a breakdown in the administrative process. To strike this candidate's name from the ballot is akin to denying candidates their right to appear on the ballot under circumstances where there was some accident or natural disaster preventing candidates from entering the filing office.

Accordingly, I dissent.

Justice TODD joins.